IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OPHERRO GARY JONES, FED. REG. #02902-122,        Plaintiff,   vs.   WARDEN SHINN, DOCTOR ACKLEY,        Defendants. | CIV. NO. 15-00486 LEK-BMK   ORDER DISMISSING COMPLAINT IN PART |

### ORDER DISMISSING COMPLAINT IN PART

Before the court is *pro se* Plaintiff Opherro Gary Jones' prisoner civil rights Complaint brought pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  *See* Doc. No. 1.  Plaintiff is incarcerated at the United States Penitentiary, USP Canaan.  Plaintiff alleges that while he was housed at the Federal Detention Center-Honolulu ("FDC-Honolulu") in 2013-2014, FDC-Honolulu Warden David Shinn and FDC-Honolulu physician Dr. Ackley denied him timely and appropriate medical care.

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), and finds that it states a cognizable claim for relief in part. Plaintiff's claims against Warden Shinn state a claim and shall be served. Plaintiff's claims against Doctor Ackley fail to state a claim and are DISMISSED with leave to amend.

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners regarding prison conditions or seeking redress from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint fails to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A sufficient complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires . . . judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —

but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The court construes pro se complaints liberally, in the light most favorable to the plaintiff, and accepts all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). A *pro se* prisoner's complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. BACKGROUND

This suit stems from Plaintiff's previous civil rights action against Defendants Shinn and Ackley in *Jones v. Shinn*, Civ. No. 14-00231 LEK/BMK (D. Haw. May 14, 2014), filed in 2014 while Plaintiff was a pre-trial detainee at FDC-Honolulu. Plaintiff alleged, inter alia, that he had informed Warden Shinn, on or about "9/24/13," that his numerous requests for medical

attention for his flu symptoms were denied. *Id.*, Compl., Doc. No. 1, PageID #5.  Plaintiff alleged that Dr. Ackley "refused to see [him] for any medical issues dispite [sic] repeated requests for medical attention," until Lieutenant Cline "made the Doctor Ackley [come] and see me Jan. 2014." *Id.*, PageId #6.

On September 26, 2014, this Court ordered Plaintiff to serve the Amended Complaint on Shinn and Ackley. Doc. No. 25.  Plaintiff, however, failed to perfect service and after two extensions of time, the court dismissed the action without prejudice on April 8, 2015.  *See* Doc. Nos. 30-32.

Five months later, on November 6, 2015, Plaintiff submitted a document in Civ. No. 14-00231, titled "Reinstatement of Amended Complaint In Alternative Construing Into a New Notice of Complaint."[1]  Doc. No. 35.  To the extent Plaintiff sought reconsideration of the dismissal of Civ. No. 14-00231, it was denied.  *See*

---

[1] Plaintiff signed this document on October 27, 2015, and tendered it to prison authorities on November 3, 2015.  *See* Doc. Nos. 35, PageID #153, 35-1 (envelope).

Order, Doc. No. 37. The Court directed the Clerk to open the present action.

Plaintiff provides somewhat less detail and the time periods are considerably more vague in the present Complaint than those set forth in Civ. No. 14-00231. Plaintiff alleges that he began to experience flu symptoms, such as a sore throat, painful chest, nausea, and weakness, "[o]n or about October in 2013." Civ. No. 15-00486, Compl. ¶ 14.

Plaintiff says he submitted three or four weekly request for treatment to Counselor Potts, but says "nothing happened," and alleges he was not seen for his flu symptoms until January 2014. *Id.* ¶ 15. Plaintiff states that he notified Warden Shinn at least once that he was being denied medical attention for his flu symptoms, and Shinn assured him that he would look into the issue. *Id.* ¶¶ 17-18.

At some point in January 2014, Plaintiff submitted a medical request slip to Lieutenant Cline. Plaintiff says Dr. Ackley then came to the Special Housing Unit ("SHU"), examined him, and prescribed him ibuprofen.

While there, Dr. Ackley allegedly said, "as long as you are remaining [in] the SHU, you will not get any medical attention." *Id.* ¶ 21.

In February 2014, Dr. Pierce examined Plaintiff in the SHU and prescribed a different pain medication. Dr. Pierce allegedly told Plaintiff that ibuprofen was ineffective to treat chronic pain stemming from a flu infection that began in October 2013. *Id.* ¶ 22. Plaintiff has recovered.

Plaintiff alleges jurisdiction under 42 U.S.C. § 1983 and *Bivens*, and names Warden Shinn and Dr. Ackley in their individual capacities only. *See id.*, PageID #1. He seeks compensatory, punitive, and consequential damages.

### III. DISCUSSION

Because Plaintiff is and was a federal prisoner at all relevant times and asserts civil rights claims against federal agents, the Court construes Plaintiff's claims as brought only pursuant to *Bivens*. To state a cognizable *Bivens* claim, Plaintiff must allege that: (1) a right secured under the United States

Constitution was violated, and (2) the violation was committed by a federal actor.  *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991); *see also Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988).

**A.   Count I: Warden Shinn**

Plaintiff was a pretrial detainee during the time alleged here.  His claims therefore arise under the Due Process Clause rather than the Eighth Amendment.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (holding the Eighth Amendment provides a minimum standard of care for determining the rights of pretrial detainees).  That is, the Eighth Amendment's "'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010) (internal citations omitted).

Prison officials violate the Constitution when they are "deliberately indifferent" to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (same); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). To state a viable claim, Plaintiff must allege facts showing (1) "'a serious medical need' by demonstrating that 'failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)(citing *Estelle*, 429 U.S. at 104) (further citations omitted). Deliberate indifference "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.*

Plaintiff says he had the flu, with accompanying sore throat, chest pain, nausea, and weakness, for approximately three months, but was given no medical

attention despite repeated requests. Plaintiff alleges that he personally told Warden Shinn that he was sick and his medical requests were being denied, and Shinn assured him that he would look into it. Yet nothing happened for several more weeks or months. This supports the inference that Shinn (1) knew that Plaintiff had a potentially serious medical condition that posed a risk of further serious injury, (2) was being denied medical attention, yet (3) did nothing to ensure that Plaintiff received medical care. Count I states a claim and shall be served on Warden Shinn.

**B.   Count II: Dr. Ackley**

Plaintiff alleges that he submitted numerous medical request slips to Counselor Potts for his flu symptoms. As noted, he says that he personally alerted Warden Shinn to his medical needs. Plaintiff states that "nothing happened again and again. It seemed like no one got his medical attention of flu infection." Compl., Doc. No. 1 ¶ 16. Plaintiff speculates that his medical slips were "trashed or laid somewhere in a mystery, no one paid attention to them because

Plaintiff was remaining in the SHU." *Id.* ¶ 36. Plaintiff does not allege that Dr. Ackley received, denied, or even saw his medical slips.

In January 2014, Plaintiff submitted a medical request to Lieutenant Cline. Plaintiff says Cline alerted Dr. Ackley, and soon thereafter, Dr. Ackley examined Plaintiff *in the SHU* and prescribed him ibuprofen. Plaintiff states that Dr. Pierce treated him *in the SHU* one month later, in February 2014.[2] Yet despite acknowledging that he received medical care in the SHU from Dr. Ackley and Dr. Pierce within one month of each other, Plaintiff alleges that Dr. Ackley told him, "as long as you are remaining [in] the SHU, you will not get any medical attention." Compl., Doc. No. 1 ¶ 21.

Although Plaintiff stated a claim against Dr. Ackley in Civ. No. 14-00231, he fails to do so

---

[2] Plaintiff complained that Dr. Ackley gave him ibuprofen, but he never received naproxen. *See* Pl. Aff., Doc. No. 1-1, PageID #25, Grievance Appeal No. 771091-R1 (att. to Compl.). Ibuprofen and naproxen are generic, over-the-counter non-steroidal anti-inflammatory drugs. *See* WebMD, avail. at: http://www.webmd.com/drug-medication/otc-pain-relief. (last visit 02/20/2016).

11

here.  Plaintiff's facts do not plausibly suggest that Dr. Ackley received his medical slip requests, knew that he required care, and with deliberate indifference to Plaintiff's possible serious medical needs, refused to treat Plaintiff.  Rather, it appears that when Lieutenant Cline alerted Dr. Ackley to Plaintiff's condition in January 2014, he came immediately and treated Plaintiff with ibuprofen.  This recitation of facts does not show a purposeful failure to respond to Plaintiff's medical needs.  *See Jett*, 439 F.3d at 1096.  And, even accepting that Dr. Ackley told Plaintiff that he would not receive medical care while he was housed in the SHU, Plaintiff clearly acknowledges that both Dr. Ackley and Dr. Pierce treated him while he was *in the SHU*.  These facts do not plausibly suggest that Dr. Ackley acted with deliberate indifference to Plaintiff's serious medical needs.  Count II is DISMISSED.

## IV.  LEAVE TO AMEND

Count II is DISMISSED with leave to amend.  Plaintiff may file an amended complaint on or before

**March 23, 2015** curing the deficiencies noted in his claims against Dr. Ackley, if possible. If Plaintiff elects to file an amended complaint, it must (1) contain short, plain statements explaining how Dr. Ackley violated his rights in light of the discussion above; (2) be designated as the "First Amended Complaint;" (3) be retyped or rewritten **in its entirety, both Count I and II,** on a court-approved prisoner civil rights complaint form. Plaintiff may not incorporate any part of the original Complaint by reference into the amended pleading without court approval. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Claims "that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.* at 928.[3]

    If Plaintiff does not file an amended complaint on or before **March 24, 2016**, the court will direct service

---

[3] Claims that have been dismissed without leave to amend need not be repled in an amended complaint to preserve them for appeal. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012).

of the Complaint, Count I, on Defendant Shinn and Count II will remain dismissed.

### IV. CONCLUSION

1. The Complaint is DISMISSED IN PART for Plaintiff's failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Specifically,

> (a) Count I, naming Warden Shinn, states a cognizable claim for relief and is appropriate for service, and (b) Count II, against Dr. Ackley, is DISMISSED without prejudice.

2. Plaintiff may file an amended complaint on or before **March 24, 2016**, curing the deficiencies noted in Count II, if possible. In the alternative, Plaintiff may stand on his claims against Defendant Shinn in Count I and it will be served. If Plaintiff elects to stand on these claims, he should notify the court of his decision on or before **March 24, 2016.** If Plaintiff fails to notify the court or file a timely amended complaint, the court will order the Complaint, Count I only, served on Defendant Shinn.

3.  The Clerk is DIRECTED to send Plaintiff a copy of the court's prisoner civil rights complaint form so that he may comply with this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 23, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Jones v. Shinn*, 1:15-cv-00486 LEK/BMK; Order Dismissing Complaint in Part