IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| OPHERRO GARY JONES, FED. REG. #02901-122,<br><br>        Plaintiff,<br><br>   vs.<br><br>DAVID SHINN, WARDEN, et al.,<br><br>        Defendants. | CIVIL 15-00486 LEK-KJM |

**ORDER GRANTING PLAINTIFF'S OCTOBER 2, 2017**
**MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is pro se Plaintiff Opherro Jones's ("Plaintiff") Motion for Appointment of Counsel ("Motion"), filed on October 2, 2017. [Dkt. no. 177.] The Court has considered the Motion as non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). Plaintiff's Motion is hereby granted for the reasons set forth below.

**DISCUSSION**

Plaintiff filed his first Motion for Appointment of Counsel on June 26, 2017 ("6/26/17 Motion"), which the magistrate judge denied on July 24, 2017 ("7/24/17 Order"). [Dkt. nos. 137, 153.] Plaintiff's appeal of the 7/24/17 Order, [filed 8/3/17 (dkt. no. 157),] is currently pending before this Court.

In the 7/24/17 Order, the magistrate judge correctly noted that there is no constitutional right to counsel in civil cases and, pursuant to 28 U.S.C. § 1915(e)(1), a district court may only request an attorney to represent an indigent party in "exceptional cases." [7/24/17 Order at 2 (citation and quotation marks omitted).] Further, in determining whether exceptional circumstances warrant the appointment of counsel, courts consider both whether the indigent party is likely to succeed on the merits and whether he is able to articulate his claims pro se in light of the complexity of the case. [Id. at 3.] The magistrate judge concluded that Plaintiff had not demonstrated a likelihood of success and that Plaintiff was able to articulate his claims pro se because the case is not complex. [Id. at 4-5.] The magistrate judge also found that the other circumstances Plaintiff relied upon did not constitute exceptional circumstances: his housing in a segregation unit; the need to retain a medical expert because of conflicting testimony; and Plaintiff's anticipated surgery and rehabilitation period. [Id. at 5-7.]

The instant Motion is a re-filed version of the 6/26/17 Order, with additional information inserted on page one and a new page five. The crux of Plaintiff's new information is that he had neurological surgery on September 13, 2017 in Colorado, was hospitalized until September 26, 2017, and is still in such

severe pain that he cannot sit down or think.  [Motion at 1.]
According to Plaintiff, the neurological surgeon informed him
that those conditions may continue for a period between six weeks
to three months after the surgery, and he will not "be completely
healed till 2 years from now."  [Id. at 5.]  Plaintiff states
that, because of the pain and his inability to sit or walk, he is
unable to conduct legal research, investigate the facts, or write
motions.  [Id.]

In light of the new information about Plaintiff's
surgery and his post-surgery condition, this Court finds that
Plaintiff is unable to articulate his claims on his own.  In
particular, this Court notes that there is a Motion for Partial
Summary Judgment ("Summary Judgment Motion") pending.  [Filed
9/1/17 (dkt. no. 172).]  The Summary Judgment Motion is currently
scheduled for hearing on November 6, 2017, and Plaintiff's
memorandum in opposition is due by October 16, 2017.  [Minutes,
filed 9/18/17 (dkt. no. 175).]  Plaintiff is medically unable to
comply with the hearing date and filing deadline if he is
required to continue representing himself pro se.

This Court agrees with the magistrate judge's
assessment that there is "noting demonstrating that Plaintiff is
likely to succeed on the merits."  [7/24/17 Order at 4.]
However, in reviewing a district court's denial of a pro se
prisoner plaintiff's motion for the appointment of counsel, the

3

Ninth Circuit noted the plaintiff's "complaint state[d] a claim for relief, and therefore suggest[ed] that he may succeed on the merits." Tilei v. McGuinness, 642 F. App'x 719, 722 (9th Cir. 2016). Therefore, under the circumstances of the case – including the plaintiff's physical incapacitation, the Ninth Circuit held that there were exceptional circumstances warranting the appointment of pro bono counsel. Id. This Court has previously ruled that Plaintiff's Eighth Amendment and Fourteenth Amendment claims against former Federal Detention Center-Honolulu ("FDC-Honolulu") Warden David Shinn and FDC-Honolulu Food Service Supervisor Nora Inouye, in their individual capacities, each state a claim. [Order Dismissing First Amended Complaint in Part and Directing Service, filed 5/4/16 (dkt. no. 19), at 7, 11.] Those rulings, taken together with Plaintiff's current physical incapacity as a result of his surgery, constitute exceptional circumstances warranting referral of the case to this district court's Civil Pro Bono Panel.

Plaintiff's Motion is granted insofar as the Court will refer this case to the Civil Pro Bono Panel. The representation will be for the limited purpose of responding to the Summary Judgment Motion, unless an agreement is reached to extend the representation. However, Plaintiff is cautioned that, because there is no constitutional right to counsel in civil cases and § 1915(e)(1) only authorizes this Court to "**request** an attorney

to represent" Plaintiff, he will have to continue to represent himself pro se if no attorney from the Civil Pro Bono Panel accepts representation. In that instance, this Court and the magistrate judge will accommodate Plaintiff's medical condition through other means, such as by providing Plaintiff additional time to respond to the Summary Judgment Motion.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Appointment of Counsel, filed October 2, 2017, is HEREBY GRANTED. The Court will issue an order referring this case to the Civil Pro Bono Panel for the limited purpose of responding to the Motion for Partial Summary Judgment, [filed 9/1/17 (dkt. no. 172)].

This Order SUPERSEDES the magistrate judge's July 24, 2017 Order Denying Plaintiff's Motion for Appointment of Counsel, and renders Plaintiff's appeal of the 7/24/17 Order MOOT. [Dkt. nos. 153, 157.]

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 11, 2017.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**OPHERRO GARY JONES VS. DAVID SHINN, WARDEN, ET AL; CIVIL 15-00486 LEK-KJM; ORDER GRANTING PLAINTIFF'S OCTOBER 2, 2017 MOTION FOR APPOINTMENT OF COUNSEL**