CASE NUMBER: CIVIL NO. 15-00486 LEK-KJM

CASE NAME: Opherro Gary Jones vs. Warden David Shinn et al.,

JUDGE: Leslie E. Kobayashi          DATE: 12/4/2019

COURT ACTION: EO: COURT ORDER RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT

On August 28, 2019, Defendants Warden David Shinn, Food Service Administrator Nora Inouye and Safety, and Environmental Compliance Administrator Lilia Pascual-Cantu ("Defendants") filed their Motion for Judgment on the Pleadings and/or Summary Judgment ("Motion"). [Dkt. no. 253.] Pro se Plaintiff Opherro Gary Jones ("Plaintiff") filed his memorandum in opposition on October 18, 2019, and Defendants filed their reply on November 14, 2019. [Dkt. nos. 265, 269.] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c) and hereby informs the parties of its rulings.

Plaintiff's Third Amended Complaint, [filed 8/23/18 (dkt. no. 217),] alleges three claims, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971): violation of Plaintiff's Eighth Amendment rights because he was fed rotten food at the Federal Detention Center - Honolulu ("FDC Honolulu" and "Count I"); violation of his Eighth Amendment rights because he was subjected to dangerous conditions in the men's shower area ("Count II"); and violation of his Fifth Amendment rights because females held at FDC Honolulu were not subjected to similar conditions ("Count III").

Defendants first seek judgment on the pleadings as to all counts because the Bivens damages remedy should not be extended to Plaintiff's claims. The Court declines to reach this issue as to Counts I and III because Plaintiff concedes that those claims have not been exhausted. See Mem. in Opp., Pltf.'s Mem. of Law at 4 of 10 to 5 of 10; see also 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted."). Defendants submitted evidence regarding the administrative remedy process that was available to Plaintiff. [Def.'s Concise Statement of Facts, filed 8/28/19 (dkt. no. 254), Decl. of Dawn Rivera ("Rivera Decl.") at ¶¶ 6-7.] Plaintiff presented evidence that he initiated the administrative remedy process as to the claim in Count I, but there is no evidence that he pursued the process beyond the regional level.

See Mem. in Opp., Exh. 2.  Defendants submitted evidence that Plaintiff filed "no administrative remedy request or appeal concerning disparate treatment between men and women in the Special Housing Unit at FDC Honolulu." [Rivera Decl. at ¶ 9.]  There is no admissible evidence contradicting this.  Further, there is no admissible evidence that administrative remedies were "effectively unavailable" to Plaintiff.  See Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 792 (9th Cir. 2018) ("a prisoner is excused from the exhaustion requirement in circumstances where administrative remedies are effectively unavailable").  There are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law as to Counts I and III because those claims are unexhausted.  See Fed. R. Civ. P. 56(a).  Defendants' Motion is GRANTED insofar as summary judgment is granted in favor of Defendants as to Counts I and III.

Because Plaintiff's claim in Count II appears to have been exhausted, see Mem. in Opp., Exh. 5 at 7 of 7, Defendants' Bivens argument will be considered as to Count II.  "[T]he [United States Supreme] Court has made clear that expanding the Bivens remedy is now a disfavored judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017) (citation and internal quotation marks omitted).  Plaintiff's claim in Count II presents a new context, compared to those in prior Supreme Court case law recognizing Bivens claims.  See id. at 1859 ("If the case is different in a meaningful way from previous Bivens cases decided by this Court, then the context is new.").  Further, the Bivens damages remedy should not be extended to Plaintiff's claims in Count II because "there are special factors counselling hesitation in the absence of affirmative action by Congress."  See id. at 1857.  There are no genuine issues of material fact, and Defendants are entitled to judgment as a matter of law as to Count II because a Bivens damages remedy is not available for the claim asserted in Count II.  Defendants' Motion is GRANTED insofar as summary judgment is granted in favor of Defendants as to Count II.

Because summary judgment has been granted in favor of Defendants as to all claims, Defendants' request for judgment on the pleadings is DENIED.

A written order will follow that will supersede these rulings.  If Plaintiff intends to file a motion for reconsideration, he must wait until the written order is filed to do so.  In light of these rulings, the January 27, 2020 trial date, the December 17, 2019 final pretrial conference, and all near-trial deadlines are HEREBY VACATED.

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager